IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Pete S. Bryant, #242370, | ) | C/A NO. 3:09-3234-CMC-JRM |
| | ) | |
| Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Warden Leroy Cartledge, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pre-trial proceedings and a Report and Recommendation ("Report"). On October 18, 2010, the Magistrate Judge issued a Report recommending that Respondent's motion for summary judgment be granted and this matter dismissed with prejudice. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. After receiving an extension of time, Petitioner filed timely objections to the Report on November 2, 2010.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

1

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to objections made, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

Petitioner has submitted lengthy objections addressing essentially three areas where he believes the Report errs. The essence of Petitioner's objections is that the Report errs in failing to list and discuss all of Petitioner's grounds for relief listed in the petition; that the petition is timely; and, assuming its timeliness, that the Report erred in finding that Petitioner had only raised claims relating to state statutory interpretation, which are not cognizable on federal habeas review. *See generally* Objections (Dkt. #33, filed Nov. 2, 2010).

This court agrees that the Report failed to specifically address all seven grounds for relief listed in the original petition. However, as correctly noted by the Report, the grounds raise claims relating to the South Carolina Supreme Court's interpretation of South Carolina statutory law. It is a long-standing principle that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). *See also Wilson v. Corcoran*, 562 U.S. ___, 131 S. Ct. 13, 16 (2010) (same). Therefore, no federal habeas corpus relief is available for Petitioner on these grounds even if equitable tolling applied.

Petitioner presents several arguments as to why he believes the petition is timely filed. Petitioner contends that because he was allowed to file a second PCR action, without further direction as to the timing of its filing, *see* South Carolina Code § 17-27-45, he had one year to do

2

so,[1] and that this restarted the time period under 28 U.S.C. § 2244(d)(1) to file this habeas petition. Petitioner also maintains that if, after the denial of certiorari by the South Carolina Supreme Court on his first PCR ("PCR I"), he had filed a petition for writ of habeas corpus in this court, it would have been dismissed for raising an unexhausted claim (the claim he presented in PCR II). *See* Obj. at 6.

Neither party disputes that the time period for filing a habeas corpus petition is tolled during the time a properly-filed PCR application is pending, and that both PCR I and PCR II were "properly filed" under 28 U.S.C. § 2244(d)(2). However, the one-year period for filing a § 2254 petition commenced when Petitioner's direct criminal appeal concluded. When the South Carolina Supreme Court issued its decision relating to PCR II, Petitioner had thirty-nine (39) days during which he could have filed a petition for habeas corpus in this court.[2] Petitioner did not file his § 2254 until

---

[1] The Supreme Court of South Carolina has entertained successive PCR applications, although these cases involve very rare procedural circumstances. *See*, *e.g.*, *Case v. State*, 289 S.E.2d 413, 413-14 (S.C. 1982) (court permitted a successive application where the applicant's first PCR application was filed without the benefit of counsel and was dismissed without a hearing); *Carter v. State*, 362 S.E.2d 20, 20-21 (S.C. 1987) (court permitted a successive application where the applicant raised the issue of ineffective assistance of trial counsel in his successive application and trial counsel represented the applicant during his first PCR application); *Washington v. State*, 478 S.E.2d 833, 834-35 (S.C. 1996) (permitted a successive application where the applicant, due to "so many procedural irregularities," did not have direct review of a claim he brought in his first and second PCR applications).

[2] The Report's calculation of the one-year time period for filing Petitioner's § 2254 may be more punitive than the record actually reflects. The South Carolina Court of Appeals affirmed Bryant's conviction on direct appeal and returned the Remittitur on January 11, 2000. Petitioner did not seek further review by the South Carolina Supreme Court. His conviction therefore became final on that date. Petitioner filed PCR I on October 24, 2000, the date he gave the PCR application to prison officials (while the PCR copy contained in the appendix does not reflect a date it was filed in the state circuit court, Petitioner's certificate of service clearly indicates that he gave the application to prison officials on October 24, 2000). At that time, two hundred eighty-seven (287) days of untolled time had lapsed. The Remittitur in PCR I was issued January 28, 2004. Petitioner filed PCR II on March 4, 2004, thirty-six (36) days later. Both the Respondent's motion for summary judgment and the Report indicate that PCR II was filed March 14, 2004. However, the copy of PCR II in this court's record clearly reflects a filing date of March 4, 2004. *See* Dkt. #10-4

3

December 14, 2009, thirty-five (35) days beyond the time limit for its filing. The petition is therefore untimely.

Even if the petition were timely or this court were to apply equitable tolling, it fails on its merits. As discussed above, most of Petitioner's claims are based on an argument that the South Carolina Supreme Court erred as a matter of statutory construction. The Magistrate Judge correctly concluded that the determination of the South Carolina Supreme Court is final and not reviewable under the circumstances of this case. To the extent Petitioner raises due process and equal protection claims in his fifth ground for relief, these claims fail on their merits. It cannot be said that the decision of the South Carolina Supreme Court was so arbitrary and capricious as to violate due process, as the court obviously felt compelled to overrule prior case law based upon an intervening legislative enactment. Nor can it be said that because Petitioner did not receive the benefit of *State v. Gordon*, 588 S.E.2d 105 (S.C. 2003), and other individuals may have received such a benefit, that the South Carolina Supreme Court violated Petitioner's equal protection rights.[3]

---

at 33 (filed Apr. 7, 2010). PCR II concluded with the return of the Remittitur on October 1, 2009. By these calculations (excluding the date that a remittitur is issued and including the date that a PCR was filed), 326 days of Petitioner's 365 days had elapsed. Therefore, it appears thirty-nine (39) days remained for Petitioner to file a § 2254 petition. Petitioner's § 2254 petition was filed on December 14, 2009, the date Petitioner delivered it to prison officials. This was seventy-four (74) days after the remittitur issued on PCR II, and thirty-five (35) days beyond the one year time limit for filing his § 2254 petition.

[3]In *State v. Gordon*, 588 S.E.2d 105 (S.C. 2003), the South Carolina Supreme Court held that in construing South Carolina's "two strikes" recidivist statutes, §§ 17-25-45 and 17-25-50 of the South Carolina Code must be construed together, and that to determine whether an individual had a qualifying prior or previous conviction under § 17-25-45, courts should look at whether the individual had been convicted of an offense, sentenced, completed service of the sentence for that conviction, and then committed another offense. *Gordon*, 588 S.E.2d at 111. Thereafter, the South Carolina Legislature amended § 17-25-45(F) to include language repudiating *Gordon*'s interpretation of "prior or previous conviction." This legislative enactment essentially overruled *Gordon*, which the South Carolina Supreme Court recognized in its decision in Petitioner's case. In *Bryant v. State*, 683 S.E.2d 280 (S.C. 2009), the South Carolina Supreme Court reversed the circuit court's decision in PCR II granting relief to Petitioner. The South Carolina Supreme Court

4

Respondent's motion for summary judgment is **granted** and this petition is dismissed with prejudice.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

        s/ Cameron McGowan Currie
        CAMERON MCGOWAN CURRIE
        UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 18, 2011

C:\Documents and Settings\Kgb07\Local Settings\Temp\notesE1EF34\09-3234 Bryant v. Cartledge adopt rr gr sumjgm untimely state law issues deny cert app.wpd

---

overruled its holding in *Gordon*, finding that its interpretation of what constituted a prior or previous conviction under the recidivist statute was in error, especially in light of the enactment of the South Carolina legislature.

5